| 86 | 353 |
|----|-----|
| 156a | 529 |

</div>

JOSEPH LOEB and Others, Respondents, *v.* FRANK R. KEYES and Another, Appellants.

*Action on a promissory note — defense of an agreement to take up notes — an account, not delivered, is not an account stated.*

It was shown upon the trial of an action brought upon a promissory note that an agreement was made between the parties by which the plaintiffs were from time to time to sell the defendant Keyes tobacco, for which said defendant was to give his promissory notes indorsed by a third person, and the plaintiffs agreed to give him credit from time to time for such notes so given. In addition to his notes said defendant agreed to turn over to the plaintiffs such customers' paper (of said defendant) as might be acceptable to the plaintiffs, and they agreed to give him credit for such customers' paper; that as the defendant Keyes' own notes became due from time to time, if he had sufficient credit with the plaintiffs on account of such customers' notes so credited to him, then his own notes were to be taken up by the plaintiffs and returned to him. Such agreement was to continue during the pleasure of the plaintiffs.

*Held,* that if, at any time, there was not sufficient credit from customers' notes, then, under the agreement, there was no obligation on the plaintiffs to take up the defendant's notes, and if the plaintiffs had in their hands only the defendant's promises to pay, they were under no legal obligation to use such notes for the purposes of paying or canceling any particular note of the defendant which had become due.

Where an account has not been rendered it is not a stated account.

APPEAL by the defendants, Frank R. Keyes and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Broome on the 7th day of August, 1894, upon the report of a referee.

The action was on a note dated at Binghamton January 12, 1893, made by the defendant F. R. Keyes to the order of and indorsed by

the other defendant for $1,442.82, payable at First National Bank, Binghamton, N. Y., six months from date. The defense was payment. The recovery was for the sum of $1,382.48, with interest from July 15, 1893. This action was commenced August 12, 1893.

*George F. Lyon,* for the appellants.

*Downs & Smith,* for the respondents.

MERWIN, J. :

The plaintiffs were dealers in tobacco in the city of Philadelphia, Penn., and the defendant F. R. Keyes was a dealer in Binghamton. In the month of October, 1892, they " made an agreement by which plaintiffs were to sell said Keyes tobacco from time to time, for which said Keyes should give promissory notes endorsed by said Cora W. Keyes, and that the plaintiffs should give him credit from time to time for such notes so given ; that in addition to his own notes the said Keyes was to turn in to plaintiffs such customers paper (of said Keyes) as might be acceptable to the plaintiffs, and that they should give him credit for such customers paper ; that as said Keyes' own notes became due from time to time, if he had sufficient credit with the plaintiffs on account of such customers notes so credited to him, that his own notes should be taken up by plaintiffs and returned to him ; that such agreement was to continue during the pleasure of the plaintiffs." In pursuance of this agreement the parties had a series of transactions extending from the month of October, 1892, to July or August, 1893.

On January 12, 1893, the plaintiffs sold Keyes a quantity of tobacco for the price of $4,328.44, and in payment of the same Keyes gave three notes, dated that day, for $1,442.82 each, due respectively in four, five and six months after date, to the order of and indorsed by the defendant C. W. Keyes. The last one of these became due July 15, 1893, and is the note in suit. The tobacco was never delivered to Keyes, but by a subsequent arrangement the plaintiffs were to sell the same and give Keyes credit for the amount they should receive, which they accordingly did. In keeping the account the plaintiffs, at the time of the sale, charged Keyes with the price of the goods and credited him with the notes given. On the resale of the goods the plaintiffs credited Keyes with the amount,

the date being May 12, 1893. When the first and second notes became due they were charged to Keyes, and no question is made about them here. When the note in suit became due it was not in fact paid, but the defendants claim that there was then a credit to them on the books of the plaintiffs which was applicable to the payment of this note, and that the plaintiffs under their agreement were bound to pay it.

Under the agreement which, it is to be observed, was to continue only during the pleasure of the plaintiffs, it was provided that plaintiffs should take up Keyes' notes when they became due, "if he (Keyes) had sufficient credit with the plaintiffs on account of such customers notes so credited to him." It is not shown that Keyes, at the time the note in suit became due, had sufficient or any credit then from such customers' notes, and it is found by the referee the at that time "said Keyes had already been credited by plaintiffs with the amount received by them on the resale of the tobacco mentioned in the above sixth finding, but that said Keyes did not have to his credit with plaintiffs sufficient customers paper, including said last-mentioned credit, to pay and take up the note in suit, or any part thereof." The evidence justifies this finding. On the 5th of July, 1893, when the last credit of any kind was made, there was an apparent balance of credit to Keyes of about $8,900. There were then outstanding notes of Keyes, given by him to plaintiffs and for which he had received credit, to the amount of about $10,300. These were five in number, and one of them was the note in suit. The other four amounted to about $8,900, and were given in renewal of notes given on purchase of goods. These renewals formed a part of the aggregate credit to Keyes, and deducting them there was practically no credit applicable to the note in suit. One of these renewals was due July fourth and the others July eighteenth, August eighth and eighteenth.

If there was not sufficient credit from customers' notes, then under the agreement there was no obligation on plaintiffs to take up the notes. The plaintiffs, it may be said, had only in their hands defendants' promises to pay, and there was on them no legal obligation to use those for the purpose of paying or canceling the note in suit.

But the defendants say the plaintiffs have stated an account in

which this note is charged off, and so they are bound as by an account stated. The argument is mainly based on Schedule C, which is dated November 14, 1893, and is a transcript of the plaintiffs' books, and is in form an account of the dealings between plaintiffs and Keyes, the latest date of an entry being August 18, 1893. In this account, which apparently was made up after this suit was commenced, the note in suit is charged to Keyes under date of August 8, 1893, and the other four notes above referred to are also charged to Keyes. Each side is footed and then below is entered " Balance due J. Loeb & Co., $1,382.48." This appears to be the balance of the two columns. It does not appear that this account was ever rendered to Keyes. It was not, therefore, a stated account. (*Allen* v. *Culver*, 3 Den. 284.) The only account in fact rendered was dated July 5, 1893. That is headed " Statement," and in it the note in suit was not charged to Keyes, and it does not appear whether the plaintiffs then held it. There was, however, a memorandum of this and the four other notes above referred to, and they are added to the charges against Keyes, the amount of credits is deducted and a balance is shown due plaintiffs of $1,379.78. On July 11, 1893, the plaintiffs write Keyes, " You will please send us settlement for balance due us as per statement left with you by our Mr. E. Loeb, at once." Keyes did not respond and this suit was brought on August 12, 1893. We fail to see here any account stated which bound the plaintiffs to treat the note in suit as paid.

We are of the opinion that the referee did not err in holding that the defense of payment was not made out. The defendants cannot complain of the amount of the recovery, as it is only for the amount conceded to be due from Keyes. The judgment should be affirmed.

HARDIN, P. J., concurred; MARTIN, J., not voting.

Judgment affirmed, with costs.